ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Feb-22 11:55:06
60CV-17-946
C06D02 : 5 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### CIVIL DIVISION

**ROBILYN GORDON**                                                    **PLAINTIFF**

**VS.**                                    **NO. _____**

**ENOC SUERO,**                                               **DEFENDANTS**
**AMERICAN VAN LINES,**
**INC. and JOHN DOE**
**ENTITIES Nos. 1-5**

### COMPLAINT

COMES NOW the Plaintiff, Robilyn M. Gordon, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Robilyn M. Gordon was at all times relevant a citizen and resident of Conway, Faulkner County, AR.

2.      Defendant Enoc Suero was at all times relevant a resident of Houston, Harris County, TX.

3.      Defendant American Van Lines, Inc. is a foreign corporation, registered in Illinois as a domestic corporation whose registered agent is Grant D. Erickson, 1625 Shermer Road, Northbrook, Illinois, 60062, with its principal address as 1500 Arthur Ave., Elk Grove Village, Illinois, 60007.

4.      The residency of John Doe Entities 1-5 remains unknown.

5.      Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. § 16-56-125, and it is attached hereto as Exhibit 1.

6.      The incident giving rise to this cause of action occurred on I-40 East, Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

9.      This is a negligence case which arises from a motor vehicle collision that occurred on July 15, 2016, on Interstate 40 East, Pulaski County, Arkansas.

## IV. FACTS

10.     On or about July 15, 2016, at approximately 6:21 p.m., Ms. Gordon was driving eastbound on Interstate 40, in her 1990 Chevrolet Silverado.

11.     At the same time, Separate Defendant Suero was traveling eastbound on Interstate 40, in a 2004 Volvo truck and trailer.

12.     At the same time, non-party Amanda Payne was driving a 2007 Toyota 4-Runner going eastbound on Interstate 40.

13.     At the same time, non-party Rebecca Holman was driving a 2006 Ford Fusion, going eastbound on Interstate 40.

14.     Separate Defendant Suero, in an attempt to avoid furniture that was falling out of a truck in front of him driven by an unknown driver, attempted to change lanes and struck the right rear of the 2007 Toyota 4-Runner, the vehicle driven by non-party Amanda Payne. This collision caused the 2007 Toyota 4-Runner to strike the 2006 Ford Fusion, driven by non-party Rebecca Holman. Lastly, the 2006 Ford Fusion then struck the rear of Plaintiff's vehicle, the 1990 Chevrolet Silverado.

15.     As a result of the collision, Ms. Gordon sustained personal injuries and damages.

2

PDF created with pdfFactory trial version www.pdffactory.com

## V. CAUSE OF ACTION - NEGLIGENCE

### Negligence of Defendant Enoc Suero

16.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

17.    Defendant Suero was negligent in the following particulars:

(a)    Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)    Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)    Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d)    Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)    Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)    Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(g)    Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(h)    Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i)    Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(j)    Otherwise failing to exercise ordinary care under the circumstances.

### Negligence and Vicarious Liability of Defendant American Van Lines, Inc.

18.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

3

19.     Defendants American Van Lines, Inc. and John Doe Entities 1-5 are responsible and vicariously liable for the negligence of their employee and/or agent, Enoc Sueros, under the legal doctrine of joint enterprise, respondent superior liability, and/or the principles of agency as adopted by the State of Arkansas.

20.     At the time of the collision, Enoc Sueros was acting in the course and scope of his employment or agency with Defendant American Van Lines, Inc. and/or John Doe Entities 1-5.

21.     The negligence of Defendant Enoc Sueros is imputed to Defendants American Lines, Inc. and/or John Doe Entities 1-5.

22.     Defendants American Van Lines, Inc.'s and/or John Doe Entities 1-5 negligence includes, but is not limited to, failing to properly train, supervise, monitor, hire, retain Defendant, Enoc Sueros, and otherwise failing to exercising ordinary care under the circumstances.

## VI.  PROXIMATE CAUSATION

23.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

24.     The Defendant's negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## VII.  INJURIES AND COMPENSATORY DAMAGES

25.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

26.     Ms. Gordon sustained  as a result of the collision.

27.     Ms. Gordon is entitled to the following damages:

   (a)      the nature, extent, duration, and permanency of her injuries;

   (b)      the full extent of the injuries she sustained;

   (c)      the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

4

PDF created with pdfFactory trial version www.pdffactory.com

(d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)    the visible results of her injuries; and,

(g)    any property damages she sustained.

28.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII.  <u>DEMAND FOR JURY TRIAL</u>

29.    Ms. Gordon hereby demands a trial by jury.

## IX.  <u>DEMAND & PRAYER</u>

30.    The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

31.    The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:

Joshua D. Standerfer (Ark. Bar No. 2001134)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:    (501) 868-2500
Telefax:    (501) 868-2508

PDF created with pdfFactory trial version www.pdffactory.com